IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2008 OCT 30 PM 2:55

AUGUSTA DIVISION

| | | |
|---|---|---|
| NATHANIEL ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-038 |
| | ) | |
| BONNIE BASILE, Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff filed the above-captioned case *pro se*, pursuant to 42 U.S.C. § 1983. As

Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants.

Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se*

litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per*

*curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §

1915(e)(2)(B)(i) & (ii).[1]

---

[1] Plaintiff filed his renewed motion to proceed *in forma pauperis* at the direction of
the Court once it learned that he had been released from prison. Nevertheless, his release
from prison does not excuse him from the provisions of the Prison Litigation Reform Act
discussed herein. Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) ("The status that
counts, and the only status that counts, for purposes of section 1997e(e) is whether the
plaintiff was a 'prisoner confined in a jail, prison, or other correctional facility' at the time
the federal civil action was 'brought,' i.e., when it was filed.").

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint,[2] the Court finds the following. Plaintiff names the following Defendants: (1) Bonnie Basile, Deputy, (2) the Richmond County Sheriff Department ("RCSD"), (3) Caroline Lee, Head Nurse, and (4) the Medical Staff. (Doc. no. 5, p. 1). According to Plaintiff, on October 21, 2006, Defendant Basile "stopped" Plaintiff and gave him a sobriety test that he purportedly failed. (Id. at 5). Plaintiff alleges that upon determining that he had failed the sobriety test, Defendant Basile attempted to arrest him, and in the process grabbed his arm. (Id. at 5). Plaintiff maintains that he snatched his arm away, asked Defendant Basile why she was arresting him, and stated, "[I]ts not right." (Id.).

Next, Plaintiff alleges that Defendant Basile tripped him and sprayed him with pepper spray. (Id.). Plaintiff states that he then "jumped up and got into his car, ran off the road, and crashed into a pole." (Id.). According to Plaintiff, officers - whose names he does not know - joined Defendant Basile, pulled him out of his car, handcuffed him behind his back, and used excessive force, including punching and kicking him in his face and eyes. (Id.).

Additionally, upon his booking into the Jail, Plaintiff states that Defendant Lee and

---

[2]Plaintiff's case was originally filed in the Dublin Division of the Southern District of Georgia. However, as Defendants named in the complaint were located, and the events forming the basis of the complaint allegedly occurred, in Richmond County, Georgia, the case was transferred to the Augusta Division. Additionally, Plaintiff filed his original complaint using a form for filing a civil action in the Superior Court of Richmond County, Georgia; thus, it was unclear whether Plaintiff intended to commence an action in the Superior court of Richmond County, or in this Court. As such, the Court directed Plaintiff to inform the Court whether he intended to proceed in this Court, or in Richmond County. (Doc. no. 4). In compliance with the Court's Order, Plaintiff submitted the instant amended complaint.

2

her medical staff failed to take him to an eye specialist in time to prevent permanent damage to his eye. (Id.). As relief, he seeks punitive damages, court costs, damages for pain and suffering, mental distress, as well as compensation for his medical bills. (Id. at 6).

## II. DISCUSSION

Plaintiff has sued the RCSD and the Medical Staff. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against the RCSD and the Medical Staff. That is, Plaintiff fails to set forth any allegations that the RCSD and/or the Medial Staff - as an entity - are responsible for any possible constitutional violation and fails to explain how the RCSD and/or the Medical Staff are capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of any specific individual- namely Defendants Basile and Lee.

Additionally, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, No. 07-10518, 2008 WL 2875804, *4 (11th Cir. July 28, 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how

3

overt acts of the defendant caused a legal wrong.")). Here, Plaintiff has named the Medical Staff as a whole, not a particular person, as a Defendant. Furthermore, in the absence of an allegation of any connection between any actions of the RCSD with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant, as well. On that basis alone, the RCSD and the Medical Staff should be dismissed.[3]

Lastly, Plaintiff named Ronnie Strength as a Defendant in his original complaint; however, Plaintiff neither named him as a Defendant in his amended complaint, nor did he state any allegations against him. Plaintiff's amended complaint supersedes his previously filed complaint. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff must name all Defendants in the caption and the body of the amended complaint. (Id.). As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendant Ronnie Strength, this Defendant should be dismissed from this lawsuit.

---

[3] Additionally, according to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a jail as an entity capable of being sued. However, in a similar vein, the Court is aware that the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

the RCSD, the Medial Staff, and Ronnie Strength be **DISMISSED** from the case.[4]

SO REPORTED and RECOMMENDED this 30th day of October, 2008, at Augusta,

Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]In a simultaneously filed Order, the Court has directed service of process on Defendant Basiel for Plaintiff's Fourth Amendment claim relating to excessive force during his arrest, and on Defendant Lee for Plaintiff's Eighth Amendment claims relating to the delay in receiving medical treatment.